**Reversed and Rendered and Opinion and Concurring Opinion filed April 2, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-01069-CV

---

### TERRENCE MANN AND EVELYN MANN, Appellants

### V.

### KENDALL HOME BUILDERS CONSTRUCTION PARTNERS I, LTD., Appellee

---

### On Appeal from the 113th District Court
### Harris County, Texas
### Trial Court Cause No. 2010-47169

---

# C O N C U R R I N G   O P I N I O N

Today, the court must determine the propriety of sanctions imposed on appellants/plaintiffs Terrence Mann and Evelyn Mann under Texas Rule of Civil Procedure 13. Entitled, "Effect of Signing Pleadings, Motions and Other Papers; Sanctions," Rule 13 reads in its entirety as follows:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.[1]

Under the express language of this rule, two categories of conduct are subject to sanctions: (1) certain conduct regarding the filing of fictitious pleadings or the making of knowingly false statements in an attempt to delay trial, which subjects the violator to contempt, and (2) the signing of a pleading, motion or other paper in violation of Rule 13 ("Signer Language"), which subjects the violator to sanctions under Texas Rule of Civil Procedure 215 (governing discovery sanctions).[2] Only the second category is at issue in today's case.[3]

---

[1] Tex. R. Civ. P. 13.

[2] *See* Tex. R. Civ. P. 13.

[3] Kendall Home Builders did not allege that the Manns engaged in any such conduct or ask that they be found in contempt of court.

The signing of an instrument constitutes a certificate by the signer (1) that the signer has read the instrument; and (2) that, to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment.[4] This language suggests that a party or an attorney engages in sanctionable conduct by (1) signing an instrument without reading it; (2) signing an instrument without conducting a reasonable inquiry as to whether the instrument is groundless and brought in bad faith or groundless and brought for the purpose of harassment; or (3) signing an instrument even though, to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, the instrument is groundless and brought in bad faith or groundless and brought for the purpose of harassment.[5] Nonetheless, given the apparent goal of sanctioning the filing of pleadings, motions, or other papers that are groundless and brought in bad faith or groundless and brought for the purpose of harassment, the Supreme Court of Texas has determined that the only conduct that is sanctionable under Rule 13's Signer Language is the filing of a pleading, motion, or other paper that is groundless and brought in bad faith or that is groundless and brought for the purpose of harassment.[6]

The focus of Rule 13's "groundless" inquiry is the "instrument" rather than a single claim. This scope is apparent from the text of Rule 13, which speaks in terms of "the instrument" being groundless and brought in bad faith or groundless and brought for the purpose of harassment.[7] A narrower scope applies under Chapter 10 of the Texas Civil Practice and Remedies Code, which, like Rule 13,

---

[4] *See id.*

[5] *See id.*

[6] *See Nath v. Texas Children's Hosp.*, 446 S.W.3d 355, 362–63 (Tex. 2014).

[7] *See* Tex. R. Civ. P. 13; *Nath*, 446 S.W.3d at 362–63.

3

also governs sanctions. Under Chapter 10, entitled "Sanctions for Frivolous Pleadings and Motions," sanctions are available if a single claim, defense, or legal contention is unwarranted by existing law and there is no nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.[8] Though the distinction would lack significance in a one-claim petition, the difference becomes material in a multi-claim petition when the only basis for awarding sanctions is Rule 13.

The sanctions in today's case were awarded only under Rule 13. Thus, to have been entitled to sanctions, every single claim in the Manns' original petition must have been groundless.[9] For purposes of Rule 13, "groundless" means "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law."[10] Thus, the majority is incorrect when it states that a pleading is groundless for Rule 13 purposes if the represented party or counsel failed to make an objectively reasonable inquiry into the legal and factual basis of the claim at the time the pleading was filed.[11]

For appellee/defendant Kendall Home Builders Construction Partners I, Ltd. to have been entitled to Rule 13 sanctions, there must have been no basis in law or fact for the Manns' original petition, and that pleading must not have been warranted by any good faith argument for the extension, modification, or reversal of existing law.[12] The inquiry is not "Is *any* claim in the original petition

---

[8] *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001 (West, Westlaw through 2013 3d C.S.); *Nath*, 446 S.W.3d at 369.

[9] *See* Tex. R. Civ. 13; *Nath*, 446 S.W.3d at 362–63.

[10] *See* Tex. R. Civ. 13; *Nath*, 446 S.W.3d at 362–63.

[11] *See ante* at p. 8.

[12] *See* Tex. R. Civ. 13; *Nath*, 446 S.W.3d at 362–63.

groundless?" but, rather, "Is *every* claim in the original petition groundless?"[13] If the answer to the latter question is not "yes," then Rule13 sanctions are not proper.

The trial court concluded that all of the claims in the Manns' original petition were groundless. But, the record does not show that there was no basis in law or fact for every claim and that none of the claims were warranted by any good faith argument for the extension, modification, or reversal of existing law.[14] Therefore, the trial court abused its discretion by granting Rule 13 sanctions, and it is proper to reverse the trial court's sanctions order and render judgment denying Kendall Home Builders's motion for Rule 13 sanctions.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby. (Christopher, J.).

---

[13] *See* Tex. R. Civ. 13; *Nath*, 446 S.W.3d at 363.

[14] *See* Tex. R. Civ. 13; *Nath*, 446 S.W.3d at 363.

5